COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



OPINION ON ORDER ON GRANTING EN BANC RECONSIDERATION

Appellate case name:      S.H.R. v. Department of Family and Protective Services

Appellate case number:    01-10-00999-CV

Trial court case number:  0903028J

Trial court:              314th District Court of Harris County

On July 19, 2012 the Department of Family and Protective Services ("DFPS") filed a motion for en banc reconsideration ("motion for rehearing en banc") contending that the Court erred in holding the evidence to be factually insufficient.

DFPS on May 4, 2012 filed a motion for rehearing contending the Court erred in reversing the complete final order of termination because appellant did not challenge on appeal DFPS's appointment as sole managing conservator. On June 14, 2012, the Court agreed with DFPS, granted rehearing, and issued a supplemental opinion and a new judgment on rehearing.

On July 13, 2012, DFPS filed a motion to extend time to file a further motion for rehearing ("unopposed motion for extension of time") in which it explained: "The reason more time is required is because the undersigned attorney was not in the country when the supplemental opinion was issued in this case and the period following when a further motion for rehearing would have needed to be filed." The Court granted the extension of time to file the further motion for rehearing on July 25, 2012, extending the time as requested to July 19, 2012. The motion did not indicate that DFPS was also seeking an extension of time to file a motion for en banc reconsideration.

The deadline to file a motion for en banc reconsideration was 15 days after rendition of the Court's judgment, i.e., June 29, 2012. TEX. R. APP. P. 49.7. The deadline to file a motion to extend time to file a motion for en banc reconsideration was 15 days after the date for filing the motion, i.e., July 16, 2012. TEX. R. APP. P. 49.8, 4.1(a).

Because DFPS filed its motion for en banc reconsideration three days after the last day to file a motion to extend time to file an en banc motion, the motion for en banc reconsideration is untimely and should be dismissed.

Texas Rule of Appellate Procedure 49.7 allows the Court to sua sponte order en banc reconsideration without a (timely) motion while the Court has plenary power. I have no quarrel with the Court sua sponte ordering en banc reconsideration—it has every right to do so if the Court believes the case meets the standard of en banc consideration stated in Texas Rule of Appellate Procedure 41.2(c):

> En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration. A vote to determine whether a case will be heard or reheard en banc need not be taken unless a justice of the court requests a vote. If a vote is requested and a majority of the court's members vote to hear or rehear the case en banc, the en banc court will hear or rehear the case. Otherwise, a panel of the court will consider the case.

Because there is no timely filed motion for en banc reconsideration, the Court must sua sponte order en banc reconsideration if it wishes to reconsider the panel's decision. I therefore agree that the Court has taken the proper procedural step to achieve its objective.


Judge's signature: /s/ Jim Sharp_____
                    Acting individually


Date:  August 10, 2012